**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERTO FIGUEROA, | : |
| Petitioner, | : Civil Action No. 17-4093 (ES) |
| v. | : OPINION |
| PATRICK NOGAN, | : |
| Respondent. | : |

**SALAS, DISTRICT JUDGE**

Petitioner Roberto Figueroa ("Petitioner"), a prisoner confined at East Jersey State Prison in Rahway, New Jersey, at the time of filing, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (D.E. No. 3 ("Petition")). For the reasons below, the Petition will be denied.

## I. BACKGROUND

This Court, affording the state court's factual determinations the appropriate deference, *see* 28 U.S.C. § 2254(e)(1),[1] will recount salient portions of the recitation of facts as set forth by New Jersey Superior Court, Appellate Division, in its opinion on post-conviction relief:

> On September 15, 2008, defendant pled guilty to an amended charge of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4 (a) (1), as a lesser-included offense of first-degree murder, N.J.S.A. 2C:11-3(a)(l) and N.J.S.A. 2C:11-3(a)(2). During the plea colloquy, defendant admitted that he shot the victim during an attempted robbery. Pursuant to the negotiated plea agreement, the trial court

---

[1] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

> sentenced defendant to twenty years in prison, subject to the 85% parole ineligibility period required by the No Early Release Act ("NERA"), N.J.S.A. 2C:43- 7.2. Defendant did not file a direct appeal from his conviction and sentence.
>
> Several months prior to defendant's guilty plea, his codefendant, Michael Bonilla, was convicted following a jury trial of a number of charges related to the same incident, including first-degree felony murder, N.J.S.A. 2C:11-3(a)(3), and first degree robbery, N. J. S. A. 2C: 15-1. The trial court sentenced Bonilla to an aggregate forty-five-year term, subject to NERA. Unlike defendant, Bonilla appealed his conviction and sentence. On October 31, 2011, we reversed Bonilla's first-degree felony murder and robbery convictions, and remanded the matter for resentencing on several other counts.
>
> On remand, Bonilla pled guilty to the charge of first degree robbery, and the State agreed to dismiss the felony murder charge. Although the State requested the trial court to impose a twenty-year term, the court sentenced Bonilla to twelve years in prison, subject to NERA.
>
> When defendant learned of Bonilla's resentencing, he filed a petition for PCR. He asserted that Bonilla hatched the plan to rob the victim, yet had received a twelve-year term for his role in the scheme, while defendant received a twenty-year term. Thus, defendant argued that his twenty-year sentence was excessive and his sentence was "grossly disparate" to that imposed on Bonilla.

*State v. Figueroa*, A-003369-15 (N.J. Super. Ct. App. Div. 2016).

The post-conviction relief ("PCR") court denied relief and the Appellate Division affirmed the denial. *Id.* The New Jersey Supreme Court denied Petitioner's petition for certification. *State v. Figueroa*, 159 A.3d 884 (N.J. 2017).

Petitioner thereafter filed the instant habeas Petition. (*See* Petition). He raises only one ground for relief—that his Eighth Amendment rights were violated because his sentence was grossly disparate as compared to his co-defendant. (Petition ¶ 12).

2

## II. DISCUSSION

### A. Legal Standard

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 provides, in part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> . . .
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . .

Section "2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *Glenn v. Wynder*, 743 F.3d 402, 406 (3d Cir. 2014). Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." *Pinholster*, 563 U.S. at 181.

A federal court's authority to grant habeas relief is further limited when a state court has adjudicated petitioner's federal claim on the merits. *See* 28 U.S.C. § 2254(d).[2] If a claim has

---

[2] "[A] claim has been 'adjudicated on the merits in State court proceedings' when a state court has made a decision that finally resolves the claim based on its substance, not on a procedural, or other, ground." *Lewis v. Horn*,

3

been adjudicated on the merits in state court proceedings, this Court "has no authority to issue the writ of habeas corpus unless the [state court's] decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Parker v. Matthews*, 132 S. Ct. 2148, 2151 (2012) (quoting 28 U.S.C. § 2254(d)).

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court. *See Yarborough v. Alvarado*, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' [and] therefore cannot form the basis for habeas relief under AEDPA." *Parker*, 132 S. Ct. at 2155 (quoting 28 U.S.C. § 2254(d)(1)).

A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1) if the state court applies a rule that "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a [different result.]" *Williams*, 529 U.S. at 405-06.

---

581 F.3d 92, 100 (3d Cir. 2009) (quoting *Thomas v. Horn*, 570 F.3d 105, 117 (3d Cir. 2009)). "Section 2254(d) applies even where there has been a summary denial." *Pinholster*, 563 U.S. at 187. "In these circumstances, [a petitioner] can satisfy the 'unreasonable application' prong of § 2254(d)(1) only by showing that 'there was no reasonable basis' for the [state court's] decision." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 98 (2011)); *see also Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted").

4

Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. However, under § 2254(d)(1), "an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Williams,* 529 U.S. at 410). "If this standard is difficult to meet—and it is—that is because it was meant to be." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) (citations and internal quotation marks omitted). The petitioner carries the burden of proof, and review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits. *Pinholster*, 563 U.S. at 181.

   B. Analysis

Petitioner raised his disparate sentences claim in his PCR petition. The PCR court denied relief, and the Appellate Division affirmed that decision, finding:

> It is well established that "mere excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization, is not an appropriate ground for post-conviction relief and can only be raised on direct appeal from the conviction." *State v. Acevedo*, 205 N.J. 40, 46 (2011) (quoting *State v. Flores*, 228 N.J. Super. 586, 592 (App. Div. 1988, *certif. denied*, 115 N.J. 78 (1989). Moreover, as the PCR judge found, defendant's sentence on the aggravated manslaughter was clearly within the statutory range for this offense. Therefore, we reject defendant's excessive sentence argument.
>
> Regarding defendant's disparate sentence claim, gross "[d]isparity may invalidate an otherwise sound and lawful sentence." *State v. Roach*, 146 N.J. 208, 232, *cert. denied*, 519 U.S. 1021, 117 S. Ct. 540, L. Ed. 2d 424 (1996). "The trial court must determine whether the co-defendant is identical or substantially similar to the defendant regarding all relevant sentencing criteria." *Id.* at 233.
>
> Here, the PCR judge correctly found that defendant's and Bonilla's

> situations were not "substantially similar." Defendant pled guilty to first-degree aggravated manslaughter, which had a much higher upper sentencing range than first-degree robbery, the charge to which Bonilla ultimately pled. Moreover, defendant admitted that he was the individual who shot and killed the victim. Thus, this argument also lacks merit.

*State v. Figueroa*, A-003369-15 (N.J. Super. Ct. App. Div. 2016).

Absent a claim that a sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment, or that it is arbitrary or otherwise in violation of due process, the legality and length of a sentence are questions of state law over which this Court has no jurisdiction under § 2254. *See Chapman v. United States*, 500 U.S. 453, 465 (1991) (holding that under federal law, "the court may impose . . . whatever punishment is authorized by statute for [an] offense, so long as that penalty is not cruel and unusual, and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment"). Petitioner's claim that his sentence is disproportionate to that of his co-defendant is resolved by *Lockyer v. Andrade*, where the Supreme Court observed that the Eighth Amendment's gross-disproportionality principle "reserves a constitutional violation for only the extraordinary case." 538 U.S. 63, 77 (2003). This is not such a case.

Petitioner's sentence was in the middle of the statutory range for aggravated manslaughter. *See* N.J.S.A. § 2C:11-4(c). Moreover, as articulated by the state court, Petitioner and his co-defendant were not "substantially similar." Petitioner and his co-defendant pled guilty to different charges—Petitioner to aggravated manslaughter and Mr. Bonilla to robbery. Petitioner pulled the trigger and killed the victim, his co-defendant did not. Petitioner had more prior indictable offenses than Mr. Bonilla. Certainly, the difference in sentences was supported by the record, and Petitioner's sentence was not grossly disproportionate to the offense for which it is imposed. As

such, the state court's decision was not contrary to, or an unreasonable application of, Supreme Court law. Petitioner is therefore not entitled to habeas relief.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

## IV. CONCLUSION

For the above reasons, Petitioner's Petition is denied, and a certificate of appealability will not issue. An appropriate Order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**